IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CIVIL ACTION NO.: 2:18-cv-2104-BHH

| | |
|---|---|
| SAVANNAH LOPEZ, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CINNAMON RIDDELL, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIDGESTONE AMERICAS, INC., BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, BRIDGESTONE AMERICAS TIRE OPERATIONS LATIN AMERICA, BRIDGESTONE DO BRASIL INDUSTRIA E COMERCIO LTDA., BRIDGESTONE RETAIL OPERATIONS, LLC d/b/a FIRESTONE COMPLETE AUTO CARE, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | **COMPLAINT**<br>Wrongful Death & Survival Action<br>*(Jury Trial Demanded)* |

The Plaintiff alleges:

1.That she is the duly appointed Personal Representative of the Estate of Cinnamon Riddell and is bringing this action on behalf of the Estate of Cinnamon Riddell. That Cinnamon Riddell (hereinafter "Decedent") was at all times mentioned herein a resident of the State of Maine.

2.The amount-in-controversy in this matter exceeds $75,000.00.

3.Complete diversity of citizenship exists between the Plaintiff and Defendants.

4.That Defendant Bridgestone Americas, Inc. (hereinafter "BSA") is a foreign corporation organized under the laws of Nevada but maintains an office and agent for the transaction of business in South Carolina; that BSA is engaged in the research, design,

development, manufacture, distribution and sale of passenger tires, as well as providing service to automotive vehicles; and that BSA distributes its tires in South Carolina through a network of tire distributors, tire dealers and as original equipment on new vehicles with the intent that these tires will be used in South Carolina.

5.     That Defendant Bridgestone Americas Tire Operations, LLC (hereinafter "BATO") is a foreign corporation and subsidiary of BSA organized under the laws of Delaware but maintains an office and agent in South Carolina and is engaged in the business of manufacturing and distributing tires for passenger vehicles; that BATO distributes its tires in South Carolina through a network of tire distributors, tire dealers and as original equipment on new vehicles with the intent that these tires will be used in South Carolina.

6.     That Defendant Bridgestone Americas Tire Operations Latin America (hereinafter "BATO LA") is a foreign corporation and subsidiary of BSA and is engaged in the business of manufacturing and distributing tires for passenger vehicles; that BATO LA distributes its tires in South Carolina in a targeted, systematic and continuous manner through a network of tire distributors, tire dealers and as original equipment on new vehicles with the intent that these tires will be used in South Carolina.

7.     That Defendant Bridgestone do Brasil Industria e Comercio Ltda., (hereinafter "BSBR") is a foreign corporation that manufactures and markets tires for passenger vehicles. That these tires are distributed in South Carolina through a network of tire distributors, tire dealers and as original equipment on new vehicles with the intent that these tires will be used in South Carolina.

8.     That upon information and belief, BSA, BATO, BATO LA and BSBR import their products into South Carolina through the Port of Charleston.

9. That through the collective efforts of BSA, BATO, BATO LA and BSBR, the "subject tire," a **Firestone FR710, P225/60R16, DOT # E2X0 712 2510**, was manufactured the 25th week of 2010 at BSBR's plant in Santo Andre, Sao Paulo, Brazil, and thereafter, placed into the stream of commerce; that the subject tire was installed on the subject vehicle, a **2005 Mercury Grand Marquis GS, VIN: 2MEFM75W65X619410,** owned by Rita Strine, a resident of Florida.

10. That Defendant Bridgestone Retail Operations, LLC d/b/a Firestone Complete Auto Care (hereinafter "BSRO") is a foreign corporation and subsidiary of BSA engaged in the business of automotive service and maintenance including marketing and selling tires for passenger vehicles to consumers with the intent that these vehicles will be used on the roadways of South Carolina. That on April 13, 2017, at BSRO's location in Orlando, Florida, Firestone Complete Auto Care Store #005983, performed service on the subject vehicle which included the sale and installation of a new tire and an inspection of the existing tires, including the subject tire. That BSRO owns retail facilities in South Carolina, has a registered agent in South Carolina and advertises its services extensively throughout South Carolina.

11. That on April 13, 2017, when the subject vehicle was serviced by Defendant BSRO, a proper inspection would have indicated replacement of the subject tire.

12. That on April 17, 2017, Decedent was a belted passenger in a 2005 Kia Sedona, VIN: KNDUP132256686594, traveling north on Interstate 95 in Florence County, South Carolina. On or about this same time, Rita Strine was also traveling north on Interstate 95 in the subject vehicle equipped with the subject tire.

13. As they were so traveling, suddenly and without warning, the right rear tire of the subject vehicle suffered a tread separation. Because of this tread separation, Rita Strine lost

control of the subject vehicle and collided with the vehicle in which Decedent was a passenger, causing a loss of control of such vehicle and causing the vehicle in which Decedent was a passenger to collide with a tree in the median strip of the divided highway. As a result of this collision, Cinnamon Riddell suffered severe injuries which resulted in her death.

14. That at the time of the subject accident, the subject tire was in the same or substantially the same condition as when sold and subsequently inspected by Defendants, save for normal and expected wear.

15. The injuries and untimely death of Cinnamon Riddell, as well as the damages suffered by her beneficiaries and by Plaintiff, were due to and proximately caused by the grossly negligent and reckless conduct of the Defendants in the following particulars.

## FOR A FIRST CAUSE OF ACTION
### (Negligence as to BSA, BATO, BATO LA & BSBR)

16. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim.

17. The Plaintiff is informed and believes the Defendants were negligent, willful, wanton, careless, reckless and grossly negligent in the following particulars:

    a) In designing, manufacturing and distributing the subject tire when it knew, or should have known, that it was dangerously defective because of its propensity for a tread belt separation which was inherent in the design of the tire;

    b) In failing to incorporate design features that would insure that the subject tire was robust to tread belt separation;

    c) In failing to use a skim rubber compound sufficiently designed and tested to prevent separation of the steel belt package and to resist degradation from oxygen and ozone;

    d) In failing to use proper manufacturing and quality control techniques at its plant to ensure their tires meet applicable manufacturing standards;

    e)    In designing, manufacturing and distributing the subject tire without testing or employing safeguards to ensure the tire was properly designed and manufactured such that it was suitable for its intended use; and

    f)    In failing to act in a reasonably prudent manner.

## FOR A SECOND CAUSE OF ACTION
**(Negligence as to BSA & BSRO)**

18. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim.

19. The Plaintiff is informed and believes the Defendants were negligent, willful, wanton, carless, reckless and grossly negligent in the following particulars:

    a)    In failing to properly inspect the tires on the subject vehicle;

    b)    In failing to warn of the defective condition of the subject tire;

    c)    In failing to remove and replace the defective subject tire from the subject vehicle during its inspection;

    d)    In failing to properly train personnel with regard to industry standards; and

    e)    In failing to act in a reasonably prudent manner.

## FOR A THIRD CAUSE OF ACTION
**(Strict Liability as to BSA, BATO, BATO LA & BSBR)**

20. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim.

21. The Defendants placed into the stream of commerce a product, namely the tire described above, which was defective, unfit and unusually dangerous to the intended users, consumers and persons travelling the roadways in this state, including Decedent.

22. The Defendants are strictly liable for all damages caused by the defective condition of the subject tire.

5

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Warranty as to BSA, BATO, BATO LA & BSBR)

23.     Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim.

24.     That Defendants breached implied and express warranties in the sale of the subject tire in an unreasonably dangerous and unsafe condition.

25.     That by reason of and in consequence of the Defendants' breach of express and implied warranties, Cinnamon Riddell suffered the injuries and ultimate death as set forth herein for which the Defendants are liable to Plaintiff.

26.     As a result of the described acts and omissions of the Defendants, Cinnamon Riddell met her untimely death.  She experienced conscious pain, suffering and mental anguish prior to her death.

27.     The Plaintiff and beneficiaries of Decedent have endured and will continue to endure severe grief, sorrow, shock, loss of companionship, wounded feelings and mental anguish.  In addition, Plaintiff has incurred expenses such as funeral expenses and other costs associated with the untimely death of Decedent.

28.     The Plaintiff is informed and believes that she is entitled to a judgement against Defendants, for both actual and punitive damages, all of which were directly and proximately caused by the Defendants' acts and/or omissions as more fully set forth above, in an amount as may be set and determined by the trier of fact in this matter.

WHEREFORE, Plaintiff prays for judgement against the Defendants herein for actual and punitive damages, for the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

*(signature page to follow)*

                    PETERS, MURDAUGH, PARKER, ELTZROTH
                              & DETRICK, P. A.

BY:   *s/Ronnie L. Crosby*
        Ronnie L. Crosby
        Fed ID # 6311
        rcrosby@pmped.com
        Austin H. Crosby
        Fed ID # 11536
        acrosby@pmped.com
        101 Mulberry Street East
        Post Office Box 457
        Hampton, SC 29924
        Phone: (803) 943-2111
        Facsimile: (803) 943-3943

        ATTORNEY FOR PLAINTIFF

July 31, 2018
Hampton, South Carolina